IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEDOLLA, et al. : | |
|     Plaintiffs, : | |
| : | |
| v. : | NO. 18-cv-146 |
| : | |
| LEWIS J. BRANDOLINI, III, et al. : | |
|     Defendants. : | |

## ORDER

    **AND NOW**, this _____ day of _____, 2018, upon consideration of Defendants' Motion to Dismiss the Amended Complaint under Fed.R.Civ.P. 12(b)(6) and any response thereto, it is hereby **ORDERED** that:

    1.    Defendants' Motion is hereby **GRANTED**;

    2.    the Amended Complaint is hereby **DISMISSED WITH PREJUDICE** as to Defendant Brandolini Companies; and

    3.    within \_\_\_\_ days of the date of this Order, Plaintiffs shall file a second amended complaint containing no allegations related to Defendant Brandolini Companies.

                                      **BY THE COURT:**

                                                          _____ J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEDOLLA, et al.<br>　　　　Plaintiffs,<br><br>v.<br><br>LEWIS J. BRANDOLINI, III, et al.<br>　　　　Defendants. | :<br>:<br>:<br>:<br>:　NO. 18-cv-146<br>:<br>:<br>:<br>: |

### DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT UNDER FED.R.CIV.P. 12(b)(6)

Defendants, by their counsel, hereby file a Motion to Dismiss the Amended Complaint under Fed.R.Civ.P. 12(b)(6). That Motion should be granted for the reasons set forth in the attached Memorandum of Law, which is incorporated herein by reference.

Respectfully submitted,

KAPLIN STEWART MELOFF REITER & STEIN, P.C.

By: _____
KIMBERLY L. RUSSELL, ESQUIRE
Attorneys for Defendants
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA  19422
Phone: (610) 941-2541
Fax: (610) 684-2026
krussell@kaplaw.com

**Dated:** March 16, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEDOLLA, et al. <br>     Plaintiffs, <br><br> v. <br><br> LEWIS J. BRANDOLINI, III, et al. <br>     Defendants. | : <br> : <br> : <br> :    NO. 18-cv-146 <br> : <br> : <br> : |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT UNDER FED.R.CIV.P. 12(b)(6)

### I. BACKGROUND

On March 2, 2018, Plaintiffs filed an Amended Complaint against Defendants alleging claims under, inter alia, the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("**FLSA**") and the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, et seq. ("**PMWA**"). Plaintiffs allege that they were not paid overtime wages allegedly due and seek the payment of those wages and related damages under the FLSA and PMWA. (Amended Complaint, ¶¶ 2-3).

Plaintiffs allege that they worked as landscapers on "Defendant [Lewis] Brandolini's family residences" in Chester County, Pennsylvania (the "**Residences**"). (Amended Complaint, ¶¶ 4, 10). Plaintiffs do not allege that they worked at any other location other than the Residences. Plaintiffs do not allege that they worked in any capacity other than as landscapers at the Residences. Plaintiffs attach as Exhibits "C" and "D" to the Amended Complaint the paystubs from their employment at the Residences, all of which paystubs name Defendant Lewis Brandolini, and not Defendant Brandolini Companies, as the "employer." (Amended Complaint, Exhibits "C" and "D").

As to Defendant Brandolini Companies, Plaintiffs do not allege facts sufficient to make out a prima facie case that Brandolini Companies was Plaintiffs' employer. The vast majority of

the allegations against Brandolini Companies are mere argument without any factual basis whatsoever. The only <u>factual</u> allegations which Plaintiffs make against Brandolini Companies are that Defendant Lewis Brandolini is an executive with Brandolini Companies and that Brandolini Companies operates a "varied portfolio of properties" and employs individuals to perform "services relating to its business operations." (Amended Complaint, ¶¶ 27-30). Plaintiffs allege that Lewis Brandolini lists his address for bookkeeping purposes on Plaintiffs' W-2 forms as his business address and that they had been given t-shirts with the Brandolini Companies logo on them. (Amended Complaint, ¶¶ 47, 51). Plaintiffs then make the bald, unsupported allegation that because Lewis Brandolini, III works for Brandolini Companies, Brandolini Companies had the right to control the terms of Plaintiffs' employment and Brandolini Companies and Lewis Brandolini were "joint employers" of Plaintiffs under the FLSA and PMWA. (Amended Complaint, ¶¶ 34-37).

Plaintiffs make numerous allegations about the nature of Lewis Brandolini's work for Brandolini Companies and that Brandolini Companies owns the office building at the address for Mr. Brandolini on Plaintiffs' paystubs (Amended Complaint, ¶¶ 45, 47, 48, 51), but none of those allegations relate to the work that <u>Plaintiffs</u> performed as required for Brandolini Companies to be deemed a joint employer of <u>Plaintiffs</u>.

Plaintiffs make no factual allegations that the Residences were owned by Brandolini Companies, that Plaintiffs worked at locations owned by Brandolini Companies, that they were subjected to the work rules of Brandolini Companies, that their vacation or benefits were determined in accordance with the policies of Brandolini Companies, or any other allegations sufficient to make out a prima facie showing that they actually were employed by Brandolini Companies. Plaintiffs admit that their work was directed entirely by Lewis Brandolini and his

immediate family members at the Residences (Amended Complaint, ¶¶ 53). The remaining allegations are entirely unsubstantiated, self-serving conclusions which are not in any way based upon the few facts alleged. By way of example only, Plaintiffs allege that Brandolini Companies "consented to or were aware of" the duties that Lewis Brandolini and his immediate family assigned to Plaintiffs at the Residences (Amended Complaint, ¶¶ 53), without any factual basis that anyone at Brandolini Companies (other than Mr. Brandolini himself) had any knowledge of activities occurring at the Residences. Plaintiffs allege paragraph after paragraph of "upon information and belief" allegations which contain arguments and self-serving allegations which Plaintiffs hope to be true, but which in no way flow from or are based in any way upon the scant number of actual facts alleged (see, i.e., ¶¶ 46, 47, 49, 50, 54, 55, 56). To the contrary, Plaintiffs at best allege that Lewis Brandolini is an executive of Brandolini Companies (Amended Complaint, ¶ 30) and that Brandolini Companies is an existing and operational business, but allege no relationship between Plaintiffs and Brandolini Companies.

As set forth in detail below, the Amended Complaint fails to make out a prima facie showing that Brandolini Companies was an "employer" of Plaintiffs and the Amended Complaint should be dismissed in its entirety with prejudice as to Brandolini Companies.[1]

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) allows a party to seek dismissal of a pleading which fails to state a claim upon which relief can be granted. A motion to dismiss under Fed.R.Civ.P. 12(b)(6) admits the well pleaded allegations in the complaint, but denies their legal sufficiency. Fed.R.Civ.P. 12(b)(6); *Pagnotti Enterprises, Inc. v. Beltrami, et al*, 787 F. Supp. 440, 443 (E.D.Pa.1992).

---

[1] Because the Amended Complaint is replete with argument and conclusions about both Defendants and Defendants' alleged "joint" conduct in order to fabricate a claim against Brandolini Companies, Defendant Lewis Brandolini requests this Court to order Plaintiffs to file a second amended complaint so the remaining allegations are clear and Mr. Brandolini can formulate a response.

However, the Court need not assume that the plaintiff can prove facts that were not alleged in the complaint. *See City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir.1998). Nor should the Court give credit for a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997).

In order to avoid dismissal, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

The standard by which a complaint is reviewed on a 12(b)(6) motion has been revisited and the standard heightened by the U.S. Supreme Court in *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 556 U.S. 662, 678 (2009). Through those cases, the United States Supreme Court replaced the "notice pleading" standard, which required the Court to determine whether there was "no set of facts" that might prove entitlement to relief, to a plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50.

To pass muster under Rule 12(b)(6), it is no longer sufficient that a plaintiff makes "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. "A pleading offering only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.2009) (*citing Twombly*, 550 U.S. at 555). Rather, the court must engage in a two part analysis. *Iqbal*, 129 S. Ct. 1937, 1949-50. First, the court must separate factual allegations from legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. A complaint cannot survive where a court can only infer that a claim is merely possible rather

than plausible. *Id.* A complaint also must allege when the events at issue occurred as "allegation[s] of time or place [are] material when testing the sufficiency of a pleading." Fed.R.Civ.P. 9(f).

As applied to a motion to dismiss, Fed.R.Civ.P. 8 obligates a plaintiff to set forth facts showing he has a plausible chance of prevailing on his claim. Fed.R.Civ.P. 8(a); *Twombly*, 127 S. Ct. at 1966 (to survive a motion to dismiss, plaintiff must allege enough specific facts to push the complaint over "the line between possibility and plausibility"). A plaintiff must plead actual facts, not just conclusory assertions. *Id.* at 1959. On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Allegations made upon information and belief, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Allegations made upon "information and belief" are not acceptable where they are "boilerplate and conclusory" and not accompanied by factual allegations which make their theoretical claims plausible. *McDermott v. Clondalkin Group, Inc.*, 649 Fed. Appx. 263, 267-68 (3d Cir. 2016).

The Complaint violates Rule 8(a)(2) and the pleading standards set forth in *Twombly* and *Iqbal*. To state a claim, a complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a claim must be described in sufficient detail to provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). The allegations "must not be 'so undeveloped that [the complaint] does not provide a defendant the type of notice of claim which is contemplated by

3217754v1

[Fed. R. Civ. P. 8].'" *Umland v. Planco Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

"[E]ach count of a properly pled complaint must contain: (a) its own cause of action against a clearly identified defendant(s), and (b) those particular factual allegations that would allow the court to draw the reasonable inference that the defendant is liable for that cause of action." *Burns v. City of Bayonne*, 2013 U.S. Dist. LEXIS 101022, *20 (D.N.J. July 19, 2013). A Complaint is not sufficiently pled where it "merely recites the elements as to each cause of action and fails to tether the elements to any factual predicate relevant to the actual cause of action, "particularly where the Complaint does not specify which facts and which alleged actions by each of multiple defendants purportedly give rise to the specific causes of action." *Id.* (holding that "Plaintiff should assert facts showing each defendant's actual personal involvement in each of the alleged wrongs"). *See also Schiano v. MBNA*, 2013 U.S. Dist. LEXIS 81440, 2013 WL 2452681, at *7 (D.N.J. Feb. 11, 2013) (reiterating that Plaintiff must "make clear which claims were being asserted specifically against which defendants, and the specific factual basis for each claim against each defendant, as well as the specific relief being sought and the grounds for that relief"); *Binsack v. Lackawanna Cnty. Prison*, 438 F. Appx. 158, 160 (3d Cir. 2011) (holding that the district court did not abuse its discretion in dismissing complaint for failure to "provide a short and plain statement of each claim against each defendant").

### III. ARGUMENT

**The Amended Complaint Should Be Dismissed With Prejudice in Its Entirety as to Brandolini Companies Under Fed.R.Civ.P. 12(b)(6)**

The Amended Complaint's allegations against the Brandolini Companies are comprised of nothing more than sweeping generalizations unsupported by facts. Those threadbare recitals

3217754v1

of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Iqbal, 129 S. Ct. 1937, 1949-50.

As to the Brandolini Companies, the Amended Complaint alleges only the following few actual facts:

- Lewis Brandolini is an executive of the Brandolini Companies. (Amended Complaint, ¶¶ 25, 30).

- Brandolini Companies is a Pennsylvania corporation with an office in Chester County. (Amended Complaint, ¶ 27).

- Brandolini Companies is a real estate organization which develops properties and employs individuals to operate its business. (Amended Complaint, ¶¶ 28-29, 33).

- Lewis Brandolini became the leader in his family's business and expanded the company's business (Amended Complaint, ¶ 45).

Plaintiffs make other allegations about the Brandolini Companies, but those allegations are nothing more than argument and speculation (i.e. "upon information and belief" allegations) which do not follow from the very few actual <u>facts</u> alleged in the Amended Complaint. Those arguments and speculative allegations are self-serving restatements of the allegations needed to maintain a claim against Brandolini Companies and are insufficient to avoid dismissal as a matter of law. *See Iqbal*, 129 S. Ct. at 1950; *see also McDermott*, 649 Fed. Appx. at 267-68. Plaintiffs plead paragraph after paragraph of argument and speculation "dressed up" with "upon information and belief", but none of the allegations below actually flow from or are made plausible based upon the handful of actual facts pleaded as cited above:

- Together with Lewis Brandolini, the Brandolini Companies employed Plaintiffs (Amended Complaint, ¶ 34);

- Defendants operated together so that the actions of one can be imputed to the other (Amended Complaint, ¶ 35);

- Brandolini Companies had the power to, and did, control the terms of Plaintiffs' employment. (Amended Complaint, ¶ 36);

- Defendants jointly employed Plaintiffs. (Amended Complaint, ¶ 37-38);

- Defendants "jointly orchestrated the hiring and firing of Plaintiffs" because "presumably" Plaintiffs' payroll information was removed from ADP's payroll service. (Amended Complaint, ¶ 46).

- Brandolini Companies "required" Lewis Brandolini to use the Companies' offices and staff because the address for Mr. Brandolini on Plaintiffs' payroll stubs is the same as the Companies. (Amended Complaint, ¶¶ 47, 49).

- Because Defendants were "intermingled entities," Brandolini Companies "required" Lewis Brandolini to have Plaintiffs wear shirts with Brandolini Companies' logo on them. (Amended Complaint, ¶¶ 50-51).

- Defendants jointly determined Plaintiffs' pay and Brandolini Companies "dictated or acquiesced" to paying Plaintiffs less than the minimum wage and overtime due. (Amended Complaint, ¶¶ 54-55).

- Because the address Mr. Brandolini used on Plaintiffs' paystubs is the same as that of the Brandolini Companies, Brandolini Companies dictated Plaintiffs' pay and maintained Plaintiffs' payroll records. (Amended Complaint, ¶¶ 55-56).

- Defendants were joint employers because they both acted together to exert control over Plaintiffs (Amended Complaint, ¶¶ 57-58).

3217754v1

Other than the allegations in Paragraphs 25, 27, 28, 29, 30, 33, and 45 stating that Lewis Brandolini is an executive with Brandolini Companies and that Brandolini Companies is a Pennsylvania corporation which develops properties and employs individuals to operate its businesses, there literally are no factual allegations about Brandolini Companies' involvement with Plaintiffs in any way. The remaining allegations regarding Brandolini Companies are nothing more than legal conclusions, argument, and speculation which Plaintiffs hopes are true, but those allegations do not suffice to support a cause of action. *See Iqbal*, 129 S. Ct. 1937, 1949-50. In addition to the dearth of allegations connecting Brandolini Companies as Plaintiffs' employer, the Exhibits to the Amended Complaint evidence that contrary to Plaintiffs' bald, unsubstantiated legal conclusions that Brandolini Companies was Plaintiffs' employer or a joint employer with Lewis Brandolini, in actuality Plaintiffs' sole employer was Lewis Brandolini. Exhibits "C" and "D" to the Amended Complaint contains Plaintiffs' paystubs from their employment at the Residences. Those paystubs list the employer as Lewis Brandolini, not the Brandolini Companies. The Amended Complaint does not allege how Lewis Brandolini's employment with Brandolini Companies makes Plaintiffs employees of Brandolini Companies. Plaintiffs do not allege that they worked on any property owned by Brandolini Companies. Plaintiffs do not allege that they performed any work at all other than landscaping and other duties at the Residences. Plaintiffs do not allege that Brandolini Companies owned the Residences. Plaintiffs do not allege that anyone other than Mr. Brandolini and his immediate family directed their work. Plaintiffs do not allege that they performed any work at all related to Brandolini's corporate business and not the Residences. Plaintiffs do not allege that they received performance reviews, disciplinary action, vacation days, benefits, insurance, leaves of

absence, or any other perquisite under Brandolini Companies' corporate policies. Plaintiffs do not cite any facts at all connecting Brandolini Companies their claims.

Plaintiffs' allegations against Brandolini Companies are nothing more than "threadbare recitals" of the test for enterprise liability and joint employment under the FLSA and PMWA, supported by mere conclusory statements. Those allegations are insufficient and to the extent that those allegations can be deemed to be factual allegations, which they are not, those allegations do not need to be accepted as true when contrary to the Exhibits to the Amended Complaint and not supported by other factual allegations. The only "facts" alleged and Exhibits attached to the Amended Complaint evidence that Plaintiffs were employed by Lewis Brandolini alone and not the Brandolini Companies.

Plaintiffs' claims against Brandolini Companies are based upon the fallacy that because Lewis Brandolini worked for the Brandolini Companies, Plaintiffs worked for the Brandolini Companies. Plaintiffs' fallacy is nothing more than a false narrative being used to improperly draw the Brandolini Companies into an action in which Brandolini Companies does not belong.

Plaintiffs do not allege facts sufficient to make out a prima facie case against Brandolini Companies on any of the claims in the Amended Complaint. Absent a prima facie showing that Plaintiffs were employed by Brandolini Companies, the Amended Complaint must be dismissed in its entirety as to Defendant Brandolini Companies.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request this Court to grant Defendants' Motion to Dismiss the Amended Complaint and enter an order in the form attached hereto.

        Respectfully submitted,

        KAPLIN STEWART MELOFF REITER & STEIN, P.C.

By: _____
        KIMBERLY L. RUSSELL, ESQUIRE
        Attorneys for Defendants
        910 Harvest Drive
        P.O. Box 3037
        Blue Bell, PA  19422
        Phone:  (610) 941-2541
        Fax:  (610) 684-2026
        krussell@kaplaw.com

**Dated:** March 16, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BEDOLLA, et al.
    Plaintiffs,

v.

LEWIS J. BRANDOLINI, III, et al.
    Defendants.

NO. 18-cv-146

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "Defendants' Motion to Dismiss the Amended Complaint Under Fed.R.Civ.P. 12(b)(6)," together with Memorandum of Law in Support thereof, was caused to be sent electronically through the Court's ECF system to:

Jason Conway, Esquire
Conway Legal, LLC
1700 Market Street, Suite 1005
Philadelphia, PA 19103

KAPLIN STEWART MELOFF REITER & STEIN, P.C.

By: _____
KIMBERLY L. RUSSELL, ESQUIRE
Attorneys for Defendants
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA 19422
Phone: (610) 941-2541
Fax: (610) 684-2026
krussell@kaplaw.com

Dated: March 16, 2018

3217754v1